## Examination of Public Records.

*Public records—Right to examine—Records of Board of Registration of Professional Engineers—Act of May 25, 1921.*

1. At common law, the right to inspect public records or to make copies, abstracts or memoranda therefrom is limited to those persons who have an interest therein such as would enable them to maintain an action for which the document or record sought can furnish evidence or necessary information.

2. The right of the public generally to inspect public records, if it exists, must be based upon some statutory authority.

3. There is nothing in the Act of May 25, 1921, P. L. 1131, relating to the State Board for Registration of Professional Engineers and of Land Surveyors, which authorizes one who shows no special interest therein to have access to the records of the board.

Department of Justice. Opinion to Hon. Richard L. Humphrey, President, State Board for Registration of Professional Engineers and of Land Surveyors.

CAMPBELL, 1st Dep. Att'y-Gen., March 11, 1925.—We understand that request has been made of you by Mr. George E. Stevenson, who signs himself Chairman Legislative Committee, Engineering Society in N. E. Pennsylvania, for permission to extract from your records "the names, residences, action of your board, etc., of the applicants for registration as professional engineers and land surveyors."

Two questions are involved: 1. Are such records public records? 2. Is the applicant entitled to inspect the same and make copies thereof?

1. Section 13 of the Act for the Registration of Professional Engineers and of Land Surveyors, approved May 25, 1921, P. L. 1131, is as follows: "The board shall keep a record of its proceedings, and a register of all applications for registration, which register shall show: *(a)* The name, age and residence of each applicant; *(b)* the date of the application; *(c)* the place of business of such applicant; *(d)* his educational and other qualifications; *(e)* whether or not an examination was required; *(f)* whether the applicant was rejected; *(g)* whether a certificate of registration was granted; *(h)* the day of the action of the board; and *(i)* such other information as may be deemed necessary by the board."

It is nowhere specifically provided that such register shall be deemed to be a public record, but such seems to be implied.

I, therefore, advise you that the aforesaid register is a public record.

2. At common law, the right to inspect public documents or to make copies, abstracts or memoranda therefrom is limited to those persons who have an interest therein, such as would enable them to maintain or defend an action for which the document or record sought can furnish evidence or necessary information. The right of the public generally to inspect public records, if it exists, must be based upon some statutory authority: 23 Ruling Case Law, 160; 34 Encyclopedia of Law and Procedure, 592; Owens *v.* Woolridge, 22 Pa. C. C. Reps. 237; Com. ex rel. Milliken *v.* Board of Revision of Taxes, 23 Dist. R. 424.

There is no statute in Pennsylvania modifying this common law rule, as applicable to this request, unless it be found in the aforesaid Act of 1921.

Section 14 provides that a certified copy of your records shall be received in evidence in all courts, and elsewhere, and section 15 requires you to make public a roster of all applicants registered, and provides that copies of such roster shall be furnished to all persons registered and shall be filed in certain designated places for the use of the public.

Examination of Public Records.

These sections sustain the above stated general rule of the common law. Section 14 affirms the right at common law of one who shows a special interest in the record, which interest is involved in a proceedings in a court or elsewhere, to have a certified copy of the record thereof. This is necessarily limited to that portion of the record that is involved in such proceedings.

The roster which, under section 15, is to be published is specifically limited to those applications which are granted, and, under the terms of the section, Mr. Stevenson is not entitled to a copy of this roster unless he is a registered engineer or land surveyor, but must content himself with obtaining whatever informations he desires therefrom out of a copy posted in one of the places enumerated in the act.

There is nothing in the said Act of May 25, 1921, which authorizes one who shows no special interest therein to have access to your records. Mr. Stevenson has shown no such special interest.

I, therefore, advise you that the aforesaid request for permission to make an extract from your records should be refused.

From C. P. Addams, Harrisburg, Pa.